# CIRCUIT COURT OF LOUDOUN COUNTY

Corrado Family, L.P.

v.

Loudoun County
Sanitation Authority

October 8, 1999

Case No. (Chancery) 19515

BY JUDGE JAMES H. CHAMBLIN

After the argument of counsel yesterday afternoon, I have spoken with Judge Penn, and I have read all the papers in the Court file and cases that Mr. Sevila asked that I read.

Judge Penn granted the temporary injunction solely because the Authority sought to take the thirty-foot water easement. He did not grant the temporary injunction because the Authority wants to locate the water line in an easement thirty feet from the southern boundary line of the Corrado property. Therefore, I have considered whether the temporary injunction should remain in effect or be dissolved now that the Authority has amended the certificate to remove the thirty-foot water easement.

Under Judge Penn's analysis, with the removal of the thirty-foot water easement, the temporary injunction should be dissolved. However, the Corrado Family asserts that the temporary injunction should remain in effect, or even made permanent, because of the location of the waterline. For reasons that follow, I think that the temporary injunction should now be dissolved.

There is no question that the taking is for a public purpose and is necessary. Under *Hamer v. School Board of the City of Chesapeake*, 240 Va. 66 (1990), the discretion of the Authority in determining the location of the waterline is reviewable by the courts only if it is arbitrarily or capriciously exercised or when there is manifest fraud.

The affidavits filed with the Bill of Complaint may create a prima facie case that the Authority acted arbitrarily or capriciously, but the opposition filed by the Authority is, arguably, sufficient evidence to show that the issue is fairly debatable. *See Kricorian v. C. & P. Tel. Co.*, 217 Va. 284 (1976). The Authority decided to locate the waterline so as to comply with the County's Eastern Loudoun Area Management Plan, its General Plan, and its policy regarding preservation of historic resources such as Vestal's Gap Road. I think this decision at least makes the issue of the location of the waterline appear to be fairly debatable.

I make no finding at this time that the issue of the location of the waterline is fairly debatable. I merely feel that the likelihood of the Corrado Family prevailing on the merits of the issue does not, at this time, tilt decisively in their favor so as to warrant the extraordinary relief of a temporary injunction. The Corrado Family is, of course, entitled to have this issue fully heard on the merits.

Finally, if the temporary injunction remains in effect, the likelihood of irreparable harm to the Authority is much greater than the likelihood of irreparable harm to the Corrado Family if the temporary injunction is dissolved.

Let counsel for the Authority submit a decree dissolving the temporary injunction to which Mr. Sevila may note his exceptions.